TIMOTHY D. BARROW, ESQ.
148 Main Street, Suite 3
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, : | *Document Electronically Filed* |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. | |
| : | **COMPLAINT** |
| KZY LOGISTICS LLC, | |
| : | |
| Defendant. : | |

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendant, alleges upon information and belief as follows:

### THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff UNITED STATES FIRE INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Delaware with an office and place of business at 305 Madison Avenue, Morristown, New Jersey 07960.

2. At and during all times hereinafter mentioned, Defendant KZY LOGISTICS LLC was and is a limited liability company organized and existing under and by virtue of the laws of the State of New Jersey with its principal office located at 26 Commerce road, Suite E, F. & G., Fairfield New Jersey 07004. Said Defendant is authorized to operate in the State of New Jersey

and elsewhere in the United States by the Federal Motor Carrier Safety Administration (FMCSA), and has designated Kenneth A. Olsen, 75 Lane Road, suite 402, Fairfield, New Jersey 07004 as its agent for service of process listed by the blanket service company Process Agent Service Company, Inc. pursuant to federal regulation.

3.      Plaintiff UNITED STATES FIRE INSURANCE COMPANY is the assignee of Ferrero USA, Inc.., shipper and owner of specific cargos that are the subject of this action and is entitled to bring and maintain suit. .

4.      Defendant KZY LOGISTICS LLC (hereinafter referred to as "KZY") was engaged in business as a motor carrier for hire, contract or otherwise, for the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees and was acting as the originating and delivering carrier of the subject shipment.

## JURISDICTION AND VENUE

5. Plaintiff's cause(s) of action arise under the laws of the United States, 28 U.S.C. § 1337(a) and under the Interstate Commerce Act, 49 U.S.C. § 14706.  The Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue of is proper and appropriate for this action pursuant to 28 U.S.C.§§ 1391(b) and 1391 (c) as the said Defendant is subject to personal jurisdiction in this District at the time of commencement of suit and pursuant to 49 U.S.C. § 14706(d)(2) as Defendant KZY is the carrier responsible for the loss and which loss occurred in the State of New Jersey.

## THE FACTS

7. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 6 of the within Complaint in their entirety, as if set forth herein at length.

8. On or before October 22, 2015, Defendant KZY agreed to transport a cargo consisting of 922 cartons of candy from shipper Ferrero USA, Inc. at 600 Cottontail Lane, Somerset, New Jersey for delivery to consignee Hershey Ogden, DC at 602 West 400 North, Ogden, Utah, pursuant to bill of lading 779037981 or other receipt for certain consideration.

9. On or about October 22, 2015 Defendant KZY or those acting on its behalf, received the aforesaid cargo in good order and condition at Somerset, New Jersey for the interstate transportation; thereby exercising care, custody and control over the subject cargos.

10. After pick-up of the subject cargo from the shipper and before 9:54 a.m. the next day October 23, 2015, the tractor and trailer in which the subject cargo was loaded had been stolen (or went missing) from KZY's terminal, yard, and/or premises at 26 Commerce Road, Fairfield, New Jersey.

11. The subject stolen or missing tractor, trailer and cargo was reported to Fairfield, New Jersey Police Department and by using GPS the shipment was located in New York City on October 23, 2015. It was reported by police that the tractor and trailer were located, but the subject cargo could not be found which resulted in a cargo theft notification to the New Jersey State Police. To date, no information has been received that has confirmed the cargo of candy has been located and identified and remains missing due to theft.

12. On the date of the aforesaid loss occurred, KZY's terminal, storage yard, and or premises including the area where the subject shipment was stored lacked any meaningful or effective security for the temporary storage of trailers containing high value cargo and/or otherwise during or for this transportation of same.

13. Plaintiff and its assignor have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT KZY

### COUNT I – BREACH OF CONTRACT

14. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

15. Defendant's failure to transport and deliver the subject cargos to destination in the same good order and condition as received was a breach of contract to Plaintiff and its assignee of said cargos as carrier of same.

16. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $44,761.56.

### COUNT II – NEGLIGENCE

17. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

18. As carrier, Defendant owed a duty of care to the owner, shipper and/or consignee upon receipt of same and thereafter while in its care, custody and/or control including storage, loading, stowage, lashing, carriage, transport, unloading and delivery.

19. The failure to store, transport and deliver the subject cargos in the same good order and condition as received is a breach of Defendant's duties and obligations of care as

carrier and was the proximate cause of the loss and damage sustained by Plaintiff and/or its assignor.

20. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $44,761.56.

## COUNT III – BREACH OF BAILMENT

21. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 13 of the within Complaint in their entirety as if set forth herein at length.

22. Defendant and/or their authorized representatives took possession and exercised care, custody and control of the subject trailer and cargos at time of their receipt and thereafter which constituted a bailment of same.

23. Defendant's failure to store, transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to their owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

24. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $44,761.56.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against said Defendants.

    2. That a decree of judgment may be entered in favor of Plaintiff and against Defendant for the minimum amount of Plaintiff's damages of $44,761.56 or such other damages to be established at trial, together with interest, costs, and reasonable attorney's fees.

    3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

Dated: October 20, 2017
   Lebanon, New Jersey

               <u>s/ Timothy D. Barrow</u>
               Timothy D. Barrow
               Attorney for Plaintiff